IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 3SHAPE TRIOS A/S, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 18-1332-LPS |
| | : | |
| ALIGN TECHNOLOGY, INC., | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Hall issued a Report and Recommendation ("Report") (D.I. 59) on August 15, 2019, recommending that the Court grant without prejudice Defendant Align Technology, Inc.'s ("Align") motion to dismiss (D.I. 11) Plaintiff 3Shape Trios A/S's ("3Shape") Complaint (D.I. 1);

WHEREAS, on August 29, 2019, 3Shape filed objections to the Report ("Objections") (D.I. 60), specifically objecting that (1) the Report failed to evaluate Align's alleged conduct "as a whole" and (2) 3Shape had stated Section 2 claims by adequately alleging that Align engaged in an anticompetitive "scheme;"

WHEREAS, on September 12, 2019, Align filed a response to 3Shape's Objections (D.I. 61) ("Response");

WHEREAS, the Court has reviewed the Report *de novo*, as it relates to the dispositive issues of dismissal and adequacy of the pleadings, *see Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3);

1

NOW THEREFORE, IT IS HEREBY ORDERED that 3Shape's Objections (D.I. 60) are OVERRULED, Judge Hall's Report (D.I. 59) is ADOPTED, Align's motion to dismiss (D.I. 11) is GRANTED, and 3Shape's Complaint (D.I. 1) is DISMISSED without prejudice to its opportunity to file an amended Complaint.

1. 3Shape faults the Report for "conclud[ing] that the legality of each aspect of Align's alleged conduct must be considered in isolation." (D.I. 60 at 3) But that is not what the Report concluded. Instead, Judge Hall found that "3Shape has failed to allege acts that – taken individually *or together* – constitute anticompetitive conduct." (D.I. 59 at 2) (emphasis added) Indeed, after the Report analyzed each element of anticompetitive conduct that 3Shape alleged – and found that no element constituted anticompetitive conduct – it then explicitly addressed whether these elements "*can all be combined* to state an antitrust claim." (D.I. 59 at 20-21 (emphasis added); *see also id.* at 10 ("I agree with Align that those actions do not constitute actionable anticompetitive conduct, *viewed either alone or together*.") (emphasis added))

2. In this regard, the Report's analysis mirrored the Supreme Court's approach in *Pacific Bell Telephone Co. v. Linkline Communications, Inc.*, 555 U.S. 438 (2009); *see also* D.I. 59 at 21-23. There, the Supreme Court evaluated plaintiff's "price squeeze" claim as two separate claims: a refusal to deal claim at the wholesale level and a predatory pricing claim at the retail level. *Linkline*, 555 U.S. at 449-52. Finding that neither claim was cognizable under the Sherman Act, the Supreme Court concluded that plaintiff's price squeeze claim was "nothing more than an amalgamation of a meritless claim at the retail level and a meritless claim at the wholesale level." *Id.* at 452. It then rejected plaintiff's effort to "alchemize [these claims] into a new form of antitrust liability never before recognized by this Court." *Id.* at 457. In other words, the Supreme Court evaluated plaintiff's monopolization claim as separate parts, found

2

that no individual part stated a cognizable Section 2 claim, and then concluded that the sum of those parts did not state a cognizable Section 2 claim. Likewise, the Report identified the component parts of 3Shape's Section 2 claims, determined that no part stated a cognizable Section 2 claim, and then found that those parts, combined together, also did not state claims under Section 2. (*See also* Tr. Oral Arg., Aug. 1, 2019 (D.I. 56) at 28) (Judge Hall: "[T]he way I'm thinking about it is let's take the individual acts and see if the Supreme Court says that they're protected from antitrust scrutiny, and then we put them all together and see if it ***amounts to anything more than those individual acts***.") (emphasis added) Judge Hall, thus, properly analyzed 3Shape's Section 2 claims.[1]

3. If there were any doubt about this (and the undersigned Judge does not believe there is), the Court in reviewing the motion to dismiss *de novo* has also considered both the individually alleged anticompetitive acts, as well as their combined effect, and hereby expressly holds that the Complaint fails to adequately allege anticompetitive conduct.

4. Next, 3Shape argues that its Complaint stated Section 2 claims by describing Alight's anticompetitive "multi-faceted scheme." (D.I. 60 at 3, 7) It again says that Judge Hall "focus[ed] separately on the 'legality' of the [] separate categories of conduct" and thereby "ignor[ed] the anticompetitive effects of Align's combined conduct." (D.I. 60 at 9) As noted above, however, the Report did, in fact, consider whether 3Shape's allegations, "taken . . . together," stated Section 2 claims. (D.I. 59 at 3) Further, the Report correctly found that 3Shape failed to adequately allege Align's anticompetitive conduct.

---

[1] *See also generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks omitted).

5. In its Objections, 3Shape emphasizes that the sum total of Align's alleged acts – its "scheme" – was anticompetitive. (D.I. 60 at 8-9) However, 3Shape's Answering Brief did not identify any antitrust law doctrine that supports this conclusion. Instead, 3Shape simply listed Align's alleged actions and characterized them as "a course of anticompetitive conduct," without explaining why this specific "course of conduct" was anticompetitive under antitrust law. (D.I. 17 at 6-8) The Court cannot identify any antitrust doctrine that supports 3Shape's conclusory allegation – especially when, as the Report correctly concluded, no individual component of this "course of conduct" was anticompetitive. (*See* D.I. 59 at 10-19) Further, the Court "decline[s] the invitation" to recognize "a new form of antitrust liability never before recognized by [the Supreme] Court." *Linkline*, 555 U.S. at 457.

6. IT IS FURTHER ORDERED that 3Shape shall, if it chooses, file within thirty (30) days of this Order an amended complaint that attempts to address the deficiencies of its Section 2 claims;[2] and (2) failure to do so shall result in dismissal with prejudice.

September 26, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT COURT

---

[2] Align apparently opposes the opportunity to amend. (*See* D.I. 12 at 19-20) However, the Court is not convinced that amendment would cause undue prejudice or would be futile. Allowing one opportunity for amendment is appropriate.

4