IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3SHAPE TRIOS A/S, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1332-LPS-JLH |
| | ) |
| ALIGN TECHNOLOGY, INC., | ) |
| | ) |
| Defendant. | ) |

[~~PROPOSED~~] SCHEDULING ORDER

This __4th__ day of ~~January~~, 202_1_, ~~the Court having conducted a Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on~~ _____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Supplemental Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make supplemental initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within thirty (30) days of the date of this Order. The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (see Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery), and is incorporated herein by reference.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before January 15, 2021.

3. <u>Discovery</u>. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

a. <u>Limitation on Discovery Use</u>. Pending further agreement or order of the court, use of materials from other cases will be governed by the protective orders in this and the other cases between the parties

b. Sequence of Discovery. [~~Plaintiff's Position~~: There shall be no staging or sequencing of discovery. The parties may seek discovery on any relevant topic at any time during the discovery period.]

[**Defendant's Position:** Discovery shall be in phases to permit the early resolution of the issue of whether Align has violated Section 2 of the Sherman Act through exclusive dealing contracts that foreclose a substantial share of any alleged market (Amended Complaint ¶¶ 47-55, 176-77, 184) before other issues. Thus, Phase I Fact Discovery shall include: (1) discovery regarding Defendant's alleged contracts, agreements, or arrangements that comprise express or *de facto* exclusive dealing; (2) discovery on whether those alleged contracts, agreements, or arrangements creating express or *de facto* exclusive dealing substantially foreclose competition in the alleged relevant product markets for clear aligners or scanners for orthodontic treatment. Remaining issues shall be the scope of Phase II discovery. A party may seek Phase I Fact Discovery from any source, including any non-party. Discovery sought from non-parties shall not be limited by the topics in Phase I and Phase II, regardless of when in the discovery schedule it is sought.

i. Deadline for Phase I Fact Discovery. Phase I document production shall be made on a rolling basis and all Phase I fact discovery shall be completed by August 6, 2021.

ii. Phase II Discovery. All fact discovery not included in Phase I shall be conducted in Phase II, including, but not limited to discovery relating to including the bundled discounting theory of conduct, actual or potential collaboration among Plaintiff and Defendant (alleged in D.I. 63 ¶¶ 80-82, 87-91) or termination of such collaboration (alleged in D.I. 63 ¶¶ 93-94, 105-13, 115-23), patent litigation and settlements, issues of monopoly power, market definition, antitrust injury, and damages ~~]~~

c. Discovery Cut Off. ~~[Plaintiff's Position:~~ All discovery in this case shall be initiated so that it will be completed on or before January 14, 2022.~~] [Defendant's Position: Fact Discovery shall be initiated so that it will be completed on or before March 18, 2022.]~~

d. Document Production. ~~[Plaintiff's Position:~~ Document production shall be substantially complete by October 15, 2021.~~] [Defendant's Position: Phase I Document Production shall be substantially complete by June 1, 2021. Document production within Phase II Fact Discovery shall be substantially complete by December 15, 2021.]~~

e. Requests for Admission. A maximum of 30 requests for admission are permitted for each side.

f. Interrogatories.

i. A maximum of 30 interrogatories, including contention interrogatories, are permitted for each side.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. Contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

3

g. <u>Depositions</u>.

[**Defendant's Proposal:**

i. <u>Coordination Among Plaintiffs' Counsel</u>. Plaintiff shall coordinate its depositions with counsel for the plaintiffs in the case pending in the United States District Court for the Northern District of California, entitled *Simon and Simon, PC d/b/a City Smiles and VIP Dental Spas v. Align Technology, Inc.*, No. 20-3754, such that a deponent is not subject to duplicative depositions absent agreement of the parties and the deponent or good cause.

[**Plaintiff's Proposal:**

ii. <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 125 hours of taking testimony by deposition upon oral examination.]

[**Defendant's Proposal:** Limitation on Deposition Discovery of Parties. Except for good cause shown, Plaintiff is limited to 80 hours of deposition upon oral examination, each deposition to last no more than eight (8) hours (*i.e.* 10 depositions, if the maximum time is used), that time to be divided among Plaintiff and plaintiffs in N.D. Cal Case No. 20-3754 case as they shall determine. Except for good cause shown, Defendant shall be limited to 70 hours of depositions of Plaintiff, each deposition lasting no more than seven (7) hours (*i.e.* 10 depositions, if the maximum time is used). Depositions of expert witnesses will not count toward the limit on party fact depositions. Neither Plaintiff nor Defendant shall be entitled to more than 14 hours of 30(b)(6) depositions per side.

iii. Depositions of Non-Parties. There is no limitation on the number of third party fact depositions either side may take. Depositions upon oral examination of non-parties shall not be limited by the Phase I and Phase II topics regardless of when they are taken during discovery. The parties shall meet and confer within 180 days of this Order to revisit this

*[Handwritten annotation:]* The Court encourages, but will not require coordination with discovery in any other related actions including the many actions between these parties. All disputes shall be brought to Judge Hall, if good faith efforts to meet, confer, and resolve fail.

*[Handwritten initials:]* LPS

issue once the scope of necessary non-party discovery, including competitors, customers, distributors, and resellers, is better understood.]

    iv. <u>Location of Depositions</u>. All deponents shall be deposed at an agreed upon location within reasonable proximity to the deponent's residence.

  h. <u>Disclosure of Expert Testimony</u>.

    i. <u>Expert Reports</u>. [**Plaintiff's Proposal**: For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before January 31, 2022. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before April 15, 2022. Reply expert reports from the party with the initial burden of proof are due on or before May 27, 2022. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of the parties' experts shall be completed after May 27, 2022 and no later than July 15, 2022. Each of the parties' experts shall only be deposed once.]

[**Defendant's Proposal**: Expert Reports in Phase I (Exclusive Dealing Claim). Defendant will disclose its expert testimony under Federal Rule 26(a)(2) for Phase I topics on or before September 3, 2021. Plaintiff's disclosure of expert testimony to contradict or rebut evidence on the same Phase I topics is due on or before October 8, 2021. Defendant's Reply expert report for Phase I topics is due on or before October 29, 2021. Defendant shall make its expert available for a deposition regarding Phase I topics between prior to October 1, 2021. Plaintiff shall make its expert available for a deposition regarding Phase I topics prior to October 22, 2021.

5

      ii.      <u>Expert Reports in Phase II</u>. [For Phase II expert reports, the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before March 31, 2022. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before April 30, 2022. Reply expert reports from the party with the initial burden of proof are due on or before May 27, 2022. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the Phase II expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of the parties' experts during Phase II shall be completed after May 27, 2022 and no later than July 15, 2022. Each of the parties' experts shall only be deposed once related to the topics in each Phase of Fact Discovery.]

      iii.      <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

      i.      <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

           i.      Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

           ii.      Should counsel find, after good faith efforts - including **verbal** communication among Delaware and Lead Counsel for all parties to the dispute - that they are unable to resolve a discovery matter or

a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

Dear Judge Hall:
   The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.

   The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):

   _____

   Delaware Counsel: _____

   Lead Counsel: _____

   The disputes requiring judicial attention are listed below:

   [provide here a non-argumentative list of disputes requiring judicial attention]

iii. On a date to be set by separate order, generally not less than ninety-six (96) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than forty-eight (48) hours prior to the conference, any party

7

                    opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

        iv.     Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

        v.     After the Court has issued an order scheduling the discovery teleconference, the parties shall file a joint "Motion for Teleconference to Resolve Discovery Dispute," the text of which can be found in the "Forms" tab of Judge Hall's page on the District Court's website.

        vi.     Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

4. <u>Motions to Amend</u>.

    a.    Any motion to amend (including a motion for leave to amend) a pleading shall **NOT** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

    b.    Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

c.  Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

5. Motions to Strike.

   a.  Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

   b.  Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

   c.  Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

6. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one (1) copy of the papers. In accordance with section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

7. Courtesy Copies. The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8. <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

9. <u>Interim Status Report</u>. On June 4, 2021, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

10. <u>Case Dispositive Motions</u>. [~~Plaintiff's Proposal:~~] All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before August 5, 2022, any answering brief filed in response to a dispositive motion shall be filed on or before September 23, 2022, and any reply brief shall be filed on or before October 17, 2022. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. *[LPS initialed]*

**Defendant's Proposal:**

a. [~~At the conclusion of Phase I Fact Discovery, Defendant may file a motion under Fed. R. Civ. P. 56 limited to the Plaintiff's claims that Defendant has violated Section 2 of the Sherman Act through the use of exclusive dealing contracts. Defendant's limited summary judgment motion on Phase I topics is due on or before September 3, 2021. In the event Defendant files a summary judgment motion on Phase I topics, Plaintiff's opposition will be due on or before October 8, 2021. Defendant's reply will be due on or before October 29, 2021.~~]

b. ~~All Phase II case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before August 5, 2022, any answering brief filed in response to a dispositive motion shall be filed on or before September 23, 2022, and any reply brief shall be filed on or before~~ October 17, 2022. Briefing will be

*[Handwritten note:]* The Court will hear argument on pending motion on December 6, 2021 ~~2022~~ at 2:00 p.m. Each side will have one hour for its presentation.

presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above dates without leave of the Court.]

11. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. <u>Pretrial Conference</u>. On _____, the Court will hold a pretrial conference in Court with counsel beginning at _____ a.m./p.m.[1] Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before _____. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

13. <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of

---

[1] Date of Pretrial conference to be determined by reference to trial date, Trial date, per Order of November 13, 2020, to be set after the conclusion of the trial in the 1646 Patent case between Align and 3Shape.

11

one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14. <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a computer diskette containing each of the foregoing four (4) documents in WordPerfect format.

[Paragraph 14 struck through by hand, initialed "LPS"]

15. <u>Trial</u>. This matter is scheduled for a 10 day trial beginning at 9:30 a.m. on _____, with the subsequent trial days beginning at 9:00 a.m.[2] Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

[Handwritten note:] Dates for the pretrial order, pretrial conference, and trial to be determined at a later date, likely after resolution of case dispositive motions.

_____
UNITED STATES DISTRICT JUDGE

---

[2] See footnote 1 above.