# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 3SHAPE TRIOS A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1332-LPS-JLH |
| | ) | |
| ALIGN TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, by and between the parties and by their respective undersigned counsel, that this Stipulation and Order ("Order") shall govern the disclosure and use of confidential and proprietary information in the above-captioned action ("Action").

## DEFINITIONS

1. The term "Document" or "Documents" as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure.

2. The term "Disclosure or Discovery Material" shall mean all items, information or Documents, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Action.

1

3. The term "Party" shall mean all named parties to the Action, including 3Shape Trios A/S and Align Technology, Inc., and all officers, directors or employees thereof.

4. The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

5. The term "Producing Party" shall mean a Party or Non-Party that produces Disclosure or Discovery Material in the Action.

6. The term "Receiving Party" shall mean a Party or Non-Party that receives Disclosure or Discovery Material in the Action.

7. The term "Designating Party" shall mean a Party or a Non-Party that designates Disclosure or Discovery Material in the Action.

8. The term "Challenging Party" shall mean a Party or a Non-Party that challenges the designation of Protected Material as defined herein.

## CATEGORIES OF PROTECTED MATERIAL

9. The term "Confidential Material" means any Document or information supplied in any form, or any portion thereof, that the Producing Party reasonably believes not to be in the public domain and contains or reveals confidential trade secrets, proprietary business information, or non-public personal, client, or customer information concerning individuals or other entities, and which is denominated as Confidential for purposes of the Action. A denomination by the Producing Party of Confidential shall constitute a representation to the Court that such Party or Non-Party believes in good faith that the information contains Confidential Material.

10. The term "Highly Confidential Material" means any Document or information supplied in any form, or any portion thereof, which the Producing Party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections, including, without limitation, any Document or information supplied in any form that contains (a) trade secrets or other information that the party reasonably believes the unauthorized disclosure of which would result in competitive, commercial or financial harm to the Producing Party or its personnel, clients, or customers, or (b) material that the Producing Party believes in good faith would not otherwise be adequately protected under the procedures set forth herein for Confidential Material, and which is denominated as "Highly Confidential" for purposes of this Action. By way of example, and not limitation, Highly Confidential Material may include: strategic planning information; competitive and market intelligence; board materials and presentations; customer and sales information; negotiation strategies; proprietary software, systems, technology or product information; non-public financial information; non-public margin, cost, and pricing information; source code; and future product specifications. A denomination by the Producing Party of Highly Confidential shall constitute a representation to the Court that counsel believes in good faith that the information constitutes Highly Confidential Material.

11. The term "Outside Counsel Only Material" means any document, material or information supplied in any form, or any portion thereof, that contains detailed margin, cost, pricing, current or future financial position, strategic planning, technical specifications, , and/or customer contract negotiation information, which a

party or non-party reasonably believes to be so highly sensitive that: (i) its disclosure to the receiving party's in-house counsel would cause material injury to the business, commercial, competitive, or financial interests of such producing party or non-party; and (ii) it is denominated as "Outside Counsel Only" for purposes of this litigation. A denomination by a party or non-party of Outside Counsel Only shall constitute a representation to the Court that counsel believes in good faith that the information constitutes Outside Counsel Only Material. Information that would constitute Outside Counsel Only Material, but that has been anonymized and aggregated for customers or suppliers, as applicable, for use solely in damages analyses calculated for all the years for which Plaintiffs are seeking damages (assuming multiple years) for those customers or suppliers included in the analyses does not qualify as "Outside Counsel Only" material and may be designated, as appropriate, as Highly Confidential Material.

12. Material designated as "Confidential," "Highly Confidential," or "Outside Counsel Only" may collectively be referred to herein as "Protected Material."

## **SCOPE**

13. This Order shall govern all Disclosure and Discovery Material disclosed in any form during the course of this Action that are designated as either Confidential Material, Highly Confidential Material, or Outside Counsel Only Material, including but not limited to, Documents and information designated as such by any Party or Non-Party, all designated deposition testimony, all designated interrogatory answers, all designated documents and other discovery materials, whether produced informally or

in response to interrogatories, requests for admissions, requests for production of documents or other formal methods of discovery, and designated documents or information contained in pleadings, briefs, or other documents filed with the Court.

14. The protections conferred by this Order cover not only Protected Material but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party, provided such information enters the public domain by means not involving a violation of this Order or other duty of confidentiality; and (ii) any information known to the Receiving Party prior to the disclosure that the Receiving Party can demonstrate was already known prior to the time of disclosure, was obtained lawfully, and was obtained by means not involving a violation of this Order or any other duty of confidentiality.

15. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## DESIGNATING PROTECTED MATERIAL

16. Documents may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL ONLY MATERIAL in the following ways:

    a)    *Documents.* A Producing Party shall, if appropriate, designate specific documents as (i) Confidential Material by marking the first page and each subsequent

page of the document with the legend "CONFIDENTIAL –SUBJECT TO PROTECTIVE ORDER;" (ii) Highly Confidential Material by marking the first page and each subsequent page of the document, excluding any attachments or parent documents, with the legend "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or (iii) Outside Counsel Only Material by marking the first page and each subsequent page of the document, excluding any attachments or parent documents, with the legend "OUTSIDE COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER,"

b) *Discovery Responses.* A Producing Party shall, if appropriate, designate discovery responses, including but not limited to interrogatory answers and responses to requests for admissions, as Confidential Material, or Highly Confidential Material by placing the following legend on each page of such discovery responses containing this material: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and/or "OUTSIDE COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER,"

c) *Depositions.* All deposition transcripts shall be deemed Highly Confidential Material in accordance with this Order for thirty (30) days following receipt of the official deposition transcript. Any Party or Non-Party may designate all or portions of a deposition as Confidential, Highly Confidential, or Outside Counsel Only by either designating testimony as Confidential, Highly Confidential, Outside Counsel Only on the record at the time of the deposition or by designating transcript testimony, by page and line, as Confidential, Highly Confidential, or Outside Counsel

Only in writing and serving those designations on counsel of record by email or otherwise within thirty (30) days following receipt of the official deposition transcript. Any portion of a transcript, exhibit or videotape designated as Confidential, Highly Confidential, or Outside Counsel Only shall be treated in accordance with this Order. Any designation of a portion of a transcript shall be treated as a designation of the corresponding portion of the video, and vice-versa. The Party or Non-Party designating all or a portion of a transcript, exhibit or videotape as Protected Material bears responsibility for instructing the court reporter to include the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY" on the relevant transcript or exhibit page. Absent a timely designation of some or all of the transcript as Confidential, Highly Confidential, or Outside Counsel Only or agreement among counsel to extend the thirty (30) day period, the presumptive designation of the deposition transcript as Highly Confidential shall lapse and the transcript shall be deemed Confidential.

d)      *Computerized Material.* To the extent that information is produced in a form rendering it impractical to label (including electronically stored database information produced on electronic or magnetic media) ("Computerized Material"), the Producing Party may designate the Computerized Material as Confidential, Highly Confidential, or Outside Counsel Only by cover letter or by affixing to the media containing the Protected Material a label containing the appropriate legend provided for in Paragraphs 9,10, and 11 above, and this Paragraph 16. Whenever a Receiving Party reduces Computerized Material designated as Protected Material to hard-copy

form, the Receiving Party shall mark the hard-copy form of the Computerized Material with the appropriate legend provided for in Paragraphs 9, 10, and 11 above, and this Paragraph 16. Whenever any Protected Computerized Material is copied into another form, the Receiving Party shall also mark those forms with the appropriate legend provided for in Paragraphs 9, 10, and 11 above, and this Paragraph16.

e)     To the extent that any Receiving Party or counsel for the Receiving Party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks, or tapes, or maintains for review on any electronic system material that contains information designated as Protected Material, that Receiving Party and/or its counsel must take reasonable steps to ensure that access to the electronic system and/or the media containing such information is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Material, Highly Confidential Material, or Outside Counsel Only.

17. The Parties and Non-Parties that designate information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards and shall make a good faith effort to denominate information as "Confidential," "Highly Confidential," or "Outside Counsel Only"   so as to apply the least restrictive designation possible. The designations Highly Confidential or Outside Counsel Only may not be applied to groups of documents, attachments, or parent documents on a batch basis without a good faith effort to confirm that each document satisfies the criteria for this designation. The Parties may cooperate to update the above lists of categories to further define documents that may be categorized as Confidential,

Highly Confidential, or Outside Counsel Only without requiring amendment of this Protective Order. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party will notify all Parties that it is withdrawing or changing the mistaken designation.

18. The inadvertent production of Protected Material without a designation as Confidential Material, Highly Confidential Material, or Outside Counsel Only, as the case may be, shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any such material. Upon a Producing Party or Non-Party's discovery that its information was not correctly designated, that Producing Party or Non-Party shall provide notice to the other litigants that the information was inappropriately designated. The Producing Party or Non-Party shall then have ten (10) business days in which to re-designate the information. The obligation to treat such material pursuant to a corrected designation shall run prospectively from the date of notice of the proposed correction. Individuals who reviewed the mis-designated material prior to notice of the mis-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of the mis-designated materials and any information contained in them. Additionally, the Party receiving such notice shall make a reasonable, good faith effort to cure any prior dissemination that would not be permitted under the corrected designation.

## DISCLOSURE OF PROTECTED MATERIAL

19. Except as may otherwise be ordered by the Court, Confidential Material may be

disclosed only to:

a) The Parties' outside counsel who have filed a Notice of Appearance in the Action and their partners, associates, paralegals, and clerical and support personnel (including outside vendors) who are working under the direct supervision of counsel and who are directly involved in or assisting in this Action;

b) The Parties' in-house counsel and the paralegals and clerical and support personnel (including outside vendors) who are working under the direct supervision of such counsel who are directly involved in or assisting in the Action; access by in-house counsel shall be under the following conditions:

    i. In-house counsel shall not share the contents of any Confidential Material they are shown or receive from outside counsel with anyone other than those permitted to view the materials under this Order;

    ii. In-house counsel shall not take verbatim or near verbatim notes of the content of any Confidential Material; and

    iii. In-house counsel have first agreed in writing to be bound by this Order by signing the Exhibit A hereto.

c) The Parties' employees who are working under the direct supervision of in-house counsel or outside counsel who are directly involved in or assisting in the Action;

d) The Court and all persons assisting the Court in the Action, including law clerks, deputy clerks, special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

e)       Persons retained as consultants or experts by any Party for the purposes of the Action and principals, employees, and support staff of the firms with which consultants or experts are associated and who are directly involved and assisting in the Actions (current employees or business consultants of a Party, or competitors of the Designating Party, shall not be considered "consultants or experts" for purposes of this provision);

f)       Persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any Party for the purpose of the Action, including litigation support services and outside copying services;

g)       Persons whom the Confidential Material itself, or the metadata associated with the Confidential Material, indicates was the author, addressee or recipient of the document;

h)       Any person noticed or called to testify as a witness at a deposition, hearing, mediation, trial or other proceeding in the Action, and for the purpose of assisting in the preparation or examination of the witness, provided that the requirements of Paragraph 19(a) have been satisfied;

i)       Any other person hereafter designated by written stipulation of the producing and receiving parties or by further order of the Court;

j)       Any person serving as a mock juror, focus group member or in another similar role in connection with the Action, provided that such person shall first be required to sign a written agreement not to disclose the Confidential Material and shall

not be permitted to retain any Confidential Material following the mock trial, focus group or other similar exercise (current employees or business consultants of a Party, or competitors of the Designating Party, shall not be considered for purposes of this provision);

k)      Any person to whom the Producing Party agrees in writing disclosure may be made; and

l)      Any person serving as a mock juror, focus group member or in another similar role in connection with the Action, provided that such person shall first be required to sign a written agreement not to disclose the Confidential Material and shall not be permitted to retain any Confidential Material following the mock trial, focus group or other similar exercise.

20. Except as may otherwise be ordered by the Court, Highly Confidential Material, including the content or substance thereof, will not be disclosed to anyone other than the following individuals:

a)      The Parties' outside counsel who have filed a Notice of Appearance in the Actions and their partners, associates, paralegals, and clerical and support personnel (including outside vendors) who are working under the direct supervision of counsel and who are directly involved in or assisting in this Action;

b)      No more than two in-house counsel for each Party on the following conditions:

i.      In-house counsel have first agreed in writing to be bound by this Order

by signing the Exhibit A hereto;

ii.    Exhibit A is provided to opposing Outside Counsel at least five (5) business days prior to the disclosure of Highly Confidential Material;

iii.    In-house counsel shall not share the contents of any Highly Confidential Material they are shown or receive from outside counsel with anyone other than those permitted to view the materials under this Order; and

iv.    "In-house counsel" within this Order shall mean an attorney who is an employee of the legal department of a Party whose responsibilities include overseeing this Action and who shall not from the date of entry of this Protective Order through a period of two years following the conclusion of this case be engaged in competitive decision-making, which is defined as "advice and participation in a client's decisions (regarding pricing, product design and the like) made in light of similar or corresponding information about a competitor." *See U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984).

v.    In-house counsel shall not take verbatim or near verbatim notes of the content of any Highly Confidential Material.

vi.    At no point shall one Party have a greater number of in-house counsel designated via this provision than the other Party.

c)    The Court and all persons assisting the Court in the Action, including

law clerks, deputy clerks, special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

d)      Persons retained as consultants or experts by any Party for the purposes of the Action, who have first agreed in writing to be bound by this Order by signing the Exhibit A hereto, and principals, employees, and support staff of the firms with which consultants or experts are associated and who are directly involved and assisting in the Actions (a current employee of a Party or of a Party's competitor, or a person who, at the time of retention, is anticipated to become an employee of a Partyor of a Party's competitor, shall not be considered "consultants or experts" for purposes of this provision);

e)      Persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any Party for the purpose of the Action, including litigation support services and outside copying services;

f)      Persons whom the Highly Confidential Material itself, or the metadata associated with the Highly Confidential Material, indicates was the author, addressee or recipient of the document;

g)      Any other person hereafter designated by written stipulation of the producing and receiving parties, who have first agreed in writing to be bound by this Order by signing the Exhibit A hereto, or by further order of the Court;

h)      Any person to whom the Producing Party agrees in writing disclosure may be made and who have first agreed in writing to be bound by this Order by signing

the Exhibit A hereto; and

i)     Any person serving as a mock juror, focus group member or in another similar role in connection with the Action, provided that such person shall first be required to sign a written agreement not to disclose the Highly Confidential Material and shall not be permitted to retain any Highly Confidential Material following the mock trial, focus group or other similar exercise (current employees or business consultants of a Party, or competitors of the Designating Party, shall not be considered for purposes of this provision).

21. Except as may otherwise be ordered by the Court, Outside Counsel Only Material, including the content or substance thereof, will not be disclosed to anyone other than the following individuals:

a)     The Parties' outside counsel who have filed a Notice of Appearance in the Actions and their partners, associates, paralegals, and clerical and support personnel (including outside vendors) who are working under the direct supervision of counsel and who are directly involved in or assisting in this Action;

b)     The Court and all persons assisting the Court in the Action, including law clerks, deputy clerks, special masters, mediators, court reporters taking testimony involving such information, and necessary stenographic and clerical personnel thereof;

c)     Persons retained as consultants or experts by any Party for the purposes of the Action, who have first agreed in writing to be bound by this Order by signing the Exhibit A hereto, and principals, employees, and support staff of the firms with which

consultants or experts are associated and who are directly involved and assisting in the Actions (a current employee of a Party or of a Party's competitor, or a person who, at the time of retention, is anticipated to become an employee of a Party or of a Party's competitor, shall not be considered "consultants or experts" for purposes of this provision);

d)      Persons other than consultants or experts who are retained to provide purely administrative assistance to counsel for any Party for the purpose of the Action, including litigation support services and outside copying services;

e)      Persons whom the Outside Counsel Only Material itself, or the metadata associated with the Outside Counsel Only Material, indicates was the author, addressee or recipient of the document;

f)      Any other person hereafter designated by written stipulation of the producing and receiving parties, who have first agreed in writing to be bound by this Order by signing the Exhibit A hereto, or by further order of the Court;

g)      Any person to whom the Producing Party agrees in writing disclosure may be made and who have first agreed in writing to be bound by this Order by signing the Exhibit A hereto; and

h)      Any person serving as a mock juror, focus group member or in another similar role in connection with the Action, provided that such person shall first be required to sign a written agreement not to disclose the Outside Counsel Only Material and shall not be permitted to retain any Outside Counsel Only Material following the

mock trial, focus group or other similar exercise (current employees or business consultants of a Party, or competitors of the Designating Party, shall not be considered for purposes of this provision).

22. Notwithstanding any other provision herein, nothing in this Order shall affect the right of the Designating Party to disclose to its officers, directors, employees, attorneys, consultants or experts, or to any other person, its own information. Similarly, this Order shall not preclude a party from showing its own information to its officers, directors, employees, attorneys, consultants, or experts, or to any other person, even if this information has been filed under seal by the opposing party.

## ACCESS TO AND USE OF PROTECTED MATERIAL

23. Absent further Order from the Court, the Receiving Party may use Protected Material that is disclosed or produced by another Designating Party only in connection with the Action for prosecuting, defending, or attempting to settle that action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

24. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

25. Subject to the terms of this Order and the Federal Rules of Civil Procedure, any party may use Confidential Material in the course of a deposition provided that, prior to any examination of a witness at a deposition concerning any such Confidential Material, the

witness is furnished with a copy of this Protective Order and executes the Acknowledgment of Protective Order and Confidentiality Undertaking attached as Exhibit A. However, nothing in this Order shall obligate any person to whom Confidential Material is shown to execute the Acknowledgment if the disclosed Confidential Material was produced, authored, received or designated by such person or is a record of the current or former employer of that person, provided the document was not created after a former employee witness ceased working for the employer. Counsel for the party representing a deposition witness shall have responsibility for supplying this Protective Order to that witness before the deposition and attempting to obtain his or her execution of the Acknowledgment

26. In addition, any party may use Highly Confidential Material or Outside Counsel Only Material in an examination of a witness at a deposition, provided that prior to any examination of a witness at a deposition concerning any such Highly Confidential Material or Outside Counsel Only Material, the witness is furnished with a copy of this Protective Order and executes the Acknowledgment of Protective Order and Confidentiality Undertaking attached as Exhibit A, and provided that (i) the witness is an author, addressee, or recipient of the Highly Confidential Material or Outside Counsel Only Material; or (ii) the witness is a source of the Highly Confidential Material or Outside Counsel Only Material; or (iii) the witness is a current employee of the Producing Party or producing Non-Party of the document containing the Highly Confidential Material or Outside Counsel Only Material to be disclosed; or (iv) the witness is a former employee of the Producing Party or producing Non-Party or otherwise had lawful access to the

specific document containing the Highly Confidential Material or Outside Counsel Only Material to be disclosed. However, nothing in this Order shall obligate any person to whom Highly Confidential Material or Outside Counsel Only Material is shown to execute the Acknowledgement if the disclosed Highly Confidential Material or Outside Counsel Only Material was produced, authored, received or designated by such person or is a record of the current or former employer of that person, provided the document was not created after a former employee witness ceased working for the employer. Counsel for the party representing a deposition witness shall have responsibility for supplying this Protective Order to that witness before the deposition and attempting to obtain his or her execution of the Acknowledgment.

27. In addition, where a party wishes to use Highly Confidential Material or Outside Counsel Only Material in an examination of a witness at a deposition in circumstances other than those enumerated in Paragraph 26 *(e.g.,* the witness or conduct of the witness is referenced or discussed in Highly Confidential Material or Outside Counsel Only Material produced by an entity other than the witness's current or former employer), it may do so provided that: (i) prior to any examination of a witness at a deposition concerning any such Highly Confidential Material or Outside Counsel Only Material, the witness is furnished with a copy of this Protective Order and shall execute the Acknowledgment of Protective Order and Confidentiality Undertaking attached as Exhibit A, and (ii) the party wishing to use Highly Confidential Material or Outside Counsel Only Material in the examination of a witness obtains consent from the

Producing Party or Non-Party at or prior to the use of such materials at the deposition. The Producing Party shall not unreasonably withhold consent to use of the Highly Confidential Material or Outside Counsel Only Material. The Producing Party may, however, condition its consent on reasonable redaction of the Highly Confidential Material or Outside Counsel Only Material *(e.g.,* matters that do not relate to the subject on which the witness is to be questioned). Failure to respond within three (3) business days to a request to use Highly Confidential Material or Outside Counsel Only Material at or prior to any deposition shall be deemed consent. All Parties and all Non-Parties producing Highly Confidential Material or Outside Counsel Only Material are directed to negotiate in good faith regarding the use and redaction of Highly Confidential Material or Outside Counsel Only Material; in the event an agreement cannot be reached, the Court shall be asked to resolve the dispute in accordance with Local Procedures. In the event that a dispute covered by this subparagraph is not resolved prior to the conclusion of the deposition in question, any party may apply to the Court for proposed relief, including to resume the deposition solely for the limited purpose of examining the witness on the Highly Confidential Material or Outside Counsel Only Material, and for an appropriate order on who should bear the costs of resuming the deposition if such relief is granted. Absent a Court Order to the contrary, if the Court decides to overrule the objection to the use of some or all of the material, the previously objecting party shall pay the costs and attorneys' fees associated with the resolution of the challenge by the Court and with any required resumption of the deposition at issue.

28. If a witness subject to the jurisdiction of this Court does not wish to sign the Acknowledgment of Protective Order, the witness or any party may apply to this Court for relief; if a witness not subject to the jurisdiction of this Court does not wish to sign the Acknowledgment of Protective Order and Confidentiality Undertaking, the witness or any party may apply to any court with jurisdiction over the witness for relief, provided, however, that nothing in the Order shall obligate any person to whom Confidential Material, Highly Confidential Material, or Outside Counsel Only Material is shown to execute the Acknowledgement of Protective Order and Confidentiality Undertaking if that material falls under the exceptions listed in Paragraphs 25 and 26.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

29. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

30. The Challenging Party shall provide written notice of each designation it is challenging and shall describe the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within ten (10) business days of the date of service of notice as required by Local Rule 7.1.1. In conferring, the Challenging Party must explain the basis for its belief that the

confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

31. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall contact the Court pursuant to the Scheduling Order.

## PRODUCTION OF PRIVILEGED MATERIAL

32. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the inadvertent disclosure of documents, ESI, testimony, information and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege, protection or immunity ("Privileged Material") shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work-product or any other applicable privilege, protection, or immunity in this or any other Federal or State proceeding for the inadvertently produced document or specific material or information disclosed, or any other document, material, or information covering the same or a similar or related subject matter.

33. The parties agree that: (a) absent exceptional circumstances, a statement by a party that a production of Privileged Material was inadvertent shall be dispositive; (b) they are taking all reasonable steps to prevent disclosure of Privileged Material; and (c) a party shall be deemed to have taken prompt steps to rectify the inadvertent production of Privileged Material if it notifies the Receiving Party within fourteen (14) business days of learning of the inadvertent production and provides sufficient information to the Receiving Party regarding the asserted privilege(s), for example, in the form of a

privilege log. With respect to information, documents, and things generated after the filing of the initial complaint, the Parties are not required to include any such information in privilege logs.

34. If a Party has inadvertently or mistakenly produced Privileged Material, and if the party makes a written request for the return, pursuant to this Paragraph, of any Privileged Material (including any analyses, memoranda or notes that were internally generated based upon such inadvertently-produced Privileged Material) then in the custody of another Party or Non-Party, the Receiving Party shall either sequester the Privileged Material and all copies thereof, or return the Privileged Material within ten (10) business days. As to any analyses, memoranda or notes that were internally generated based upon such inadvertently produced Privileged Material ("Internal Material"), the Receiving Party shall either sequester the Internal Material and all copies thereof, or destroy the Internal Material and all copies thereof and provide the Producing Party with a declaration confirming the destruction of the same within ten (10) days. In no event, shall the Receiving Party review, use or further disseminate the Privileged Material or the Internal Material, regardless of whether the Receiving Party disputes the claim of privilege. The Receiving Party shall not be liable for any use or disclosure of such inadvertently non-designated information that occurs before the Receiving Party receives written notice of the inadvertent non-designation.

35. If a Party's expert report or expert testimony relies on a document which another party identifies as inadvertently or mistakenly produced Privileged Material after service of the expert's report or rendition of the expert's testimony, then the party sponsoring the

expert report or expert testimony will, subject to the procedures in this Order, and if necessary, remove any reference to the inadvertently or mistakenly produced Privileged Material from the expert's report or expert's testimony and be allowed to substitute other documents or information for the inadvertently or mistakenly produced Privileged Material. Neither the expert's report nor the expert's testimony can be stricken in whole on the ground that the expert's report or expert's testimony had previously relied on inadvertently or mistakenly produced Privileged Material. In the event that an expert's report or expert's testimony has relied on inadvertently or mistakenly produced Privileged Material, the Parties agree to meet and confer on a schedule to allow the party propounding an implicated expert report (whether an initial, response, or rebuttal report) to modify or supplement such expert report within a reasonable period of time.

36. If the Receiving Party disputes the assertion of privilege, the Receiving Party may move the Court for an order compelling production of the material within fourteen (14) business days of receipt of the notice contemplated by Paragraph 33. The burden of showing that the material is privileged and that its production was inadvertent shall be determined under applicable law, including Federal Rule of Evidence 502. The Receiving Party may not use the Privileged Material, the Internal Material, or any other document or material information reflecting the contents of the Privileged Material or the Internal Material, for any purpose until the Court has determined that the material is not privileged. Subject to the Court's direction, the resolution of the issue may include the Court's review of the potentially Privileged Material *in camera.* If any such motion is not filed within fourteen (14) days after a request to return the Privileged

Material (or such later time as agreed upon by counsel), the Receiving Party shall return the Privileged Material (and all copies thereof) to the Party or Non-Party who produced or supplied it and shall expunge from any other document or material any information reflecting the contents of the returned material. If a motion challenging the privileged nature of the material is filed and the Court determines that the material is privileged, the Receiving Party, to the extent that the Privileged Material and Internal Material has been sequestered, shall within five (5) business days of the Court's order, return the Privileged Material and destroy the Internal Material and provide the Producing Party with a declaration confirming the destruction of the same.

## **NON-PARTIES**

37. The terms of this Order shall apply to discovery directed to Non-Parties to this Action, and such Non-Parties may specifically invoke or waive the terms and protections of this Order. To the extent that any discovery (including subpoenas) is served on a Non-Party, the party serving the discovery shall include with that discovery a copy of this Order (including Exhibit B), and any discovery served shall expressly incorporate by reference the terms of this Order.

38. Any Non-Party from whom discovery is sought may execute a Non-Party Declaration and Confidentiality Undertaking as set forth in Exhibit B and designate information to be disclosed as Confidential and Highly Confidential in accordance with this Order. Non-Parties shall disclose Protected Material only in accordance with this Order.

39. Nothing contained in this Order shall affect the rights of the Parties or Non-Parties to

object to discovery; nor shall it relieve a Party or Non-Party of its obligation to properly respond or object to discovery requests; nor shall it preclude any Party or Non-Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

## DISCLOSURE PURSUANT TO GOVERNMENT REQUEST OR COURT ORDER

40. If any party has obtained Confidential Material Highly Confidential Material, or Outside Counsel Only Material under the terms of this Order and receives a subpoena, civil investigative demand or other compulsory process commanding the production of such Confidential Material Highly Confidential Material, or Outside Counsel Only Material ("Initial Request"), such party shall notify the counsel of record for the Producing Party or Non-Party, in writing (and by email, if possible) immediately, and in no event no later than ten (10) business days following the discovery that the subpoena or process order calls for Confidential Material, Highly Confidential Material, or Outside Counsel Only Material. The Producing Party or Non-Party who has designated materials Confidential, Highly Confidential, or Outside Counsel Only Material shall bear the burden and expense of seeking protection for its Protected Material. The person or party to whom the subpoena, civil investigative demand, or other compulsory process is directed shall not take any position concerning the propriety of such subpoena, demand, or process order concerning the discoverability of the Protected Material sought that is adverse to the Producing Party should the Producing Party oppose the request for production of such Protected Material. Other than the obligation to comply with

these requirements, this Protective Order is not intended to affect a party's obligation to respond to such a subpoena, demand, or process order.

41. For all subsequent requests a party receives requesting the production of Confidential Material, Highly Confidential Material, or Outside Counsel Only Material relating to the same subpoena, civil investigative demand, or other compulsory process, the Receiving Party must notify the Producing Party, in writing (by electronic mail, if possible), of the request.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

42. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. The execution of the "Acknowledgement and Agreement to Be Bound" in this instance does not mean that the person or persons shall be entitled to receive Protected Material going forward unless the person or persons meet the requirements of Paragraphs 18 and 19 as provided above.

## INFORMATION SUBJECT TO HIPAA

43. The Parties agree that Protected Health Information ("PHI") shall have the same meaning

as "Protected Health Information" as defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") section 160.103, 45 C.F.R. § 160.103. The definition of confidential information in the Protective Order includes PHI, as defined here.

44. The Parties agree that neither is required to produce any PHI in this Litigation.

45. The Parties further agree that, to the extent that any produced document contains PHI, any and all such PHI may be redacted by the Producing Party prior to production of the redacted document.

46. Notwithstanding the foregoing, the parties agree that if a Challenging Party alleges that PHI is relevant and/or its production is necessary, then the parties shall attempt to renegotiate this provision. The parties further agree that if such attempted renegotiation proves unsuccessful, they will submit any dispute regarding the production of PHI to the Judge for resolution.

## INFORMATION SUBJECT TO EUROPEAN DATA PROTECTION REGULATIONS

47. The Parties agree that Personal Data ("PD") shall have the same meaning as "Personal Data" as defined in the REGULATION (EU) 2016/679 of 27 April 2016 ("GDPR") article 4, paragraph 1 and as in the Danish Act No. 429 of 31 May 2000 on Processing of Personal Data ("APPD") section 3(1)1. The Parties further agree that Data Concerning Health ("DCH") shall have the same meaning as "Data Concerning Health" as defined in GDPR article 4, paragraph 15 and as referred to in APPD section 7(1). The definition of confidential information in the Protective Order includes PD and DCH, as defined here.

48. The Parties agree that neither is required to produce DCH in this Litigation.

49. The Parties further agree that, to the extent that any produced document contains DCH, any and all such data may be redacted by the Producing Party prior to production of the redacted document.

50. Other than DCH, the parties agree that all PD – namely PD concerning customers, employees and business partners – not necessary in relation to this Action, may be redacted by the Producing Party prior to production of the redacted document.

51. Notwithstanding the foregoing, the Parties agree that if a Challenging Party alleges that PD and/or DCH are relevant and/or their production is necessary, then the parties shall attempt to renegotiate this provision. The parties further agree that, if such attempted renegotiation proves unsuccessful, they will submit any dispute regarding the production of PD and DCH to the Judge for resolution.

## FILING UNDER SEAL

52. All documents of any nature, including briefs, that have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY," that are filed with the Court, shall be filed under seal in accordance with the Local Rules of the United States District Court for the District of Delaware.

## COMPLETION OF LITIGATION

53. Within sixty (60) days after the final resolution of the Action to which the Receiving Party is a party (including resolution of all appellate proceedings), all documents and copies of all documents produced or supplied by a Party or Non-Party that contain Protected Material shall be destroyed and Counsel of record for the Receiving Party shall

certify in writing the manner in which Protected Material has been destroyed.  This provision does not require the destruction of attorney work product.  Counsel of record may retain all depositions, deposition exhibits and papers filed with the Court or served on opposing counsel, including any Protected Material filed or served under seal.

## PATENT PROSECUTION BAR

54. Any attorney, patent agent, expert, or other person who has subscribed to the Protective Order on behalf of any party in this Action, or has otherwise accessed technical material designated by another party as "Confidential," "Highly Confidential,"  and/or "Outside Counsel Only" and such technical material relates to the structure, operation, function, design, or technical development of (a) any existing or potential digital intraoral scanners or (b) any removable dental aligners shall not be involved in Patent Prosecution on behalf of the Party represented by that person in this Action or one of such Party's affiliates, relating to any existing or potential digital intraoral scanner or any removable dental aligner, before any foreign or domestic agency, including the United States Patent and Trademark Office. For the purposes of this paragraph, "Patent Prosecution" shall be defined as substantive patent prosecution activities involving "competitive decision making" as set forth by the Federal Circuit in *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010), such as supervising, assisting or participating in (including preparing, drafting, amending, filing, or otherwise prosecuting applications, claims, responses to office actions, oaths or declarations, or any other paper) the prosecution of any pending or future patent application before the United States Patent and

Trademark Office or any other patent foreign or domestic authorities, with respect to any patent application of the represented party claiming (in whole or in part) any of the subject matter set forth above. "Patent Prosecution" shall not include representing a Party or otherwise participating in reissue proceedings, *ex parte* reexamination, *inter partes* review, covered business method review, or post-grant review proceedings, provided such representation or other participation in such proceedings does not include any involvement in seeking amendment of any claims on behalf of the represented Party. This prohibition on Patent Prosecution shall end two (2) years after the earlier of (i) the final resolution or termination of this Action, including all appeals, (ii) the complete settlement of all claims in this Action and completion of the requirements of this agreement, or (iii) the withdrawal of that attorney from the Protective Order. This prosecution bar is personal to the person subscribing to the Protective Order in this Action and shall not be imputed to any other person, law firm or entity.

## CROSS-USE AGREEMENT

55. Except as laid out in Paragraphs 55-60, and as Ordered by the Court on March 31, 2021, discovery shall be limited to that taken in the instant case, discovery produced in the patent litigations between the Parties that is responsive to or requested by the Parties, and discovery otherwise available under the Federal Rules of Civil Procedure. By entering into this Cross-Use Agreement memorialized in this Paragraphs 55-60, the Parties do not concede or otherwise agree or accept that any Disclosure or Discovery Material from this Action is relevant or admissible as evidence in any other litigation. The Parties likewise do not concede or otherwise agree or accept that any Disclosure or Discovery Material

from any other litigation is relevant or admissible as evidence in this Action. The Parties expressly reserve all objections to any use of any such Disclosure or Discovery Material, except the Parties hereby waive their right to object on the grounds of confidentiality.

56. The Parties agree, subject to the reservation of objections above, that the Parties may use any Disclosure or Discovery Material of a Party provided in this Action in the action titled *Simon and Simon, PC d/b/a City Smiles et al v. Align Technology, Inc.*, C.A3:20-cv-03754-VC (N.D. Cal.) (the "N.D. Cal. Action"), and also that the Parties may use any Disclosure or Discovery Material of a Party provided in the N.D. Cal. Action in this Action (collectively, "Cross-Use Information"), despite any restrictions to the contrary in this Order, any addendum thereto, and subject to and without waiving any rights conferred by any Protective Order entered in this Action or the N.D. Cal. Action, or amendments thereto, and that, for purposes of this provision, such Cross-Use Information will be deemed produced in this Action and the N.D. Cal. Action, and that such Cross-Use Information from the N.D. Cal. Action will be deemed produced in this Action.

57. The Parties further agree that the Parties may use, re-produce or provide reference to Disclosure or Discovery Material of a Party provided in the following actions, in accordance with the Court's Order on March 31, 2021 and the process set forth below:

• Certain Intraoral Scanners and Related Hardware and Software, Inv. No. 337- TA-1090 (U.S.I.T.C.);

• Certain Color Intraoral Scanners and Related Hardware and Software, Inv. No. 337-TA-1091 (U.S.I.T.C.);

• Certain Dental and Orthodontic Scanners and Software, Inv. No. 337-TA-1144 (U.S.I.T.C.);

• Align Technology, Inc. v. 3Shape A/S, et al., C.A. No. 17-1646-LPS-CJB (D. Del.);

• Align Technology, Inc. v. 3Shape A/S, et al., C.A. No. 17-1647-LPS-CJB (D. Del.);

• Align Technology, Inc. v. 3Shape A/S, et al., C.A. No. 17-1648-LPS-CJB (D. Del.);

• Align Technology, Inc. v. 3Shape A/S, et al., C.A. No. 17-1649-LPS-CJB (D. Del.);

• Align Technology, Inc. v. 3Shape A/S, et al., C. A. No. 18-1949-LPS-CJB (D. Del);

• Align Technology, Inc. v. 3Shape A/S, et al., C. A. No. 18-1950-LPS-CJB (D. Del);

• 3Shape A/S v. Align Technology, Inc., C.A. No. 18-0697-LPS-CJB (D.Del.);

• 3Shape A/S v. Align Technology, Inc., C.A. No. 18-00886-LPS-CJB (D.Del.)

.      • Align Technology, Inc. v. 3Shape A/S et al, Case No. 6:20-cv-00979-ADA (W.D. Tex.)

• Align Technology, Inc. v. 3Shape A/S et al, 19-2098-LPS (D. Del.) (collectively the "Patent Actions")

58.      Pursuant to the Court's March 31, 2021 Order, a Party may identify by Bates

Number (or, if deposition, by citation to transcript) Discovery Material produced in a Patent Action that it reasonably believes to be relevant to this Action. Having received a request for specifically identified Discovery Material believed to be relevant to this Action, the receiving Party will either agree to production of such relevant Discovery Material within fourteen (14) days or will serve and then promptly meet and confer regarding any objection to the materials. Absent objection, the materials will be deemed produced. To facilitate faster production of such Discovery Material, the parties need not apply new bates-numbering or confidentiality designations. Notwithstanding, the parties reserve all objections to the uses of documents produced from the Patent Actions and none shall be deemed waived. The parties also reserve all objections to the use, sharing, or production of the documents from the Patent Actions in the N.D. Cal Action. Further, all provisions within this Stipulated Protective Order concerning the inadvertent production of privileged material, including paragraphs 32-36, *supra*, apply equally and with full force to any documents from Patent Actions produced pursuant to this Cross-Use Agreement. Accordingly, each Party has a right to "claw-back" documents for privilege reasons, regardless as to whether they were not clawed back previously in any Patent Action.

59. Nothing in this Cross-Use Agreement obviates or changes the rights provided by Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 concerning the admissibility of evidence from prior proceedings.

60. To the extent that a document containing Cross-Use Information also includes Non-Party CONFIDENTIAL, HIGHLY CONFIDENTIAL or OUTSIDE COUNSEL ONLY information, such information must be redacted therefrom before the Cross-Use

Information can be used in any other litigation, unless permission to so use the information is obtained from the Non-Party.

## **MISCELLANEOUS PROVISIONS**

61. The Parties anticipate discovery from non-parties will be necessary in this Action. If both Parties serve a non-party with a subpoena duces tecum of substantially similar scope, the Parties will share in the costs for the non-party to produce documents pursuant to the subpoena and agreed upon with the Party or ordered by the Court. A Party receiving Discovery Material from a non-party consistent with the foregoing will provide them to the other Party. Should motions practice occur involving a non-party regarding a subpoena, a Party seeking to receive the Discovery Material under this provision shall join the other Party in such motion. Such participation will entitle the Party to receive the Discovery Material.

62. Nothing contained in this Order shall be construed as an admission that any document or information, or any testimony relating to such document or information, is or would be admissible in evidence in the Action or in any other proceeding.

63. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.

64. The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

65. The Parties reserve all rights to apply to the Court for any order modifying this Order, seeking greater access to Protected Materials than those provided herein, or seeking further protection against discovery or other use of Confidential Material, Highly Confidential Material, or Outside Counsel Only Material or other information, documents, or transcripts.

66. This Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court.

67. Nothing contained in this Order shall affect the ability of the producing and receiving parties to alter the time periods set forth in this Order by agreement except as otherwise provided in the Court's standing orders concerning special provisions in protective orders.

68. The parties agree to treat this Order as entered by the Court as of the date it becomes fully executed by the parties, and agree to comply with this Order pending the Court's approval and entry of this Order.

69. The provisions of this Order shall survive the conclusion of this Action.

## OTHER PROCEEDINGS

70. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "Confidential Material," "Highly Confidential Material" or "Outside Counsel Only Material" pursuant to this order shall promptly notify that party of the motion so that the

party may have an opportunity to appear and be heard on whether that information should

be disclosed.


*/s/ Geoffrey G. Grivner*
Geoffrey G. Grivner (No. 4711)
BUCHANAN INGERSOLL & ROONEY PC
919 North Market Street, Suite 990
Wilmington, DE 19801
Telephone: (302) 552-4207
Email: geoffrey.grivner@bipc.com


Wendelynne J. Newton
Gretchen L. Jankowski
BUCHANAN INGERSOLL & ROONEY PC
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
Telephone No.: (412) 562-8800
Email: wendelynne.newton@bipc.com
        gretchen.jankowski@bipc.com


Carrie G. Amezcua
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Telephone No.: (215) 665-3859
Email: carrie.amezcua@bipc.com


Derek Ludwin
Ross Demain
Sonia Lahr-Pastor
COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone No.: (202) 662-6000
Email: dludwin@cov.com
        rdemain@cov.com
        slahrpastor@cov.com

*/s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 298-0700
Email: jshaw@shawkeller.com
        kkeller@shawkeller.com
        nhoeschen@shawkeller.com

Steven A. Marenberg
James M. Pearl
PAUL HASTINGS LLP
1999 Avenue of the Stars, 27th Floor
Los Angeles, CA, 90067
Telephone: (310) 620-5700

Thomas A. Counts
Abigail Wald
PAUL HASTINGS LLP
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
Telephone: (415) 856-7000

Noah Pinegar
PAUL HASTINGS LLP
2050 M Street, N.W.
Washington, DC 20036
Telephone No.: (202) 551-1700

*Attorneys for Defendant*
*Align Technologies, Inc.*

*Attorneys for Plaintiff*
*3Shape TRIOS A/S*


Dated: June 2, 2021


     SO ORDERED this _____ day of_____, 2021.


                    _____
                    United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| 3SHAPE TRIOS A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1332-LPS-CJB |
| | ) | |
| ALIGN TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I certify that I have received a copy of the Stipulated Protective Order ("Order"). I further certify that I have read or am otherwise familiar with and understand the contents of this Order. I recognize that I am bound by the terms of this Order, and I agree to comply with those terms. I understand that compliance with the terms of this Order is a condition of receipt of Confidential Material, Highly Confidential Material, or Outside Counsel Only Material and that a failure to comply may constitute contempt of Court and/or a violation of applicable laws. I agree to consent to jurisdiction of the United States for the District of Delaware, even if such proceedings after the termination of the Action.

Date: _____

City and State where
    sworn and signed: _____

Printed name: _____

Signature: _____

Present Employer or : _____
Other Business Affiliation

Business Address: _____

**EXHIBIT B**


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**


| | | |
|---|---|---|
| 3SHAPE TRIOS A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1332-LPS-CJB |
| | ) | |
| ALIGN TECHNOLOGY, INC., | ) | |
| | ) | |
| Defendant. | ) | |


## <u>NON-PARTY DECLARATION AND CONFIDENTIALITY UNDERTAKING</u>

I certify that I have received and read the Stipulated Protective Order ("Order") in this Action, and that I fully understand the terms of this Order. I understand that I am bound by the terms of this Order, and I agree to comply with those terms. I understand that, by executing this Non-Party Declaration and Confidentiality Undertaking, I may designate information as Confidential, Highly Confidential, or Outside Counsel Only and that the parties will disclose the information only in accordance with the Order. I hereby consent to the personal jurisdiction of the United States District Court for the District of Delaware for any proceedings involving the enforcement of this Order. I declare under penalty of perjury under the laws of the United States of America that this Declaration and Confidentiality Undertaking is true and correct.

Date: _____

City and State where
   sworn and signed: _____

Printed name: _____

Signature: _____

Present Employer or : _____
Other Business Affiliation

Business Address: _____