IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

<table>
<tr><td>3SHAPE A/S,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff,</td><td>)</td><td>C.A. No. 18-1332-LPS</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>██████████████</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>ALIGN TECHNOLOGY, INC.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td><b>Redacted - Public Version</b></td></tr>
<tr><td>Defendant.</td><td>)</td><td></td></tr>
</table>

## <u>LETTER TO THE HONORABLE JENNIFER L. HALL FROM NATHAN R. HOESCHEN</u>

OF COUNSEL:
Thomas A. Counts
Thomas Brown
Abigail Wald
PAUL HASTINGS LLP
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
(415) 856-7000

Noah Pinegar
PAUL HASTINGS LLP
2050 M St. NW
Washington, DC 20036
(202) 551-1700

Steven A. Marenberg
James Bo Pearl
PAUL HASTINGS LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
(213) 683-6000

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

2

Adam M. Reich
Michael C. Whalen
PAUL HASTINGS LLP
71 South Wacker Drive, 45th Floor
Chicago, IL 60606
(312) 499-6000

Dated: December 17, 2021

# SHAW KELLER
## LLP

Nathan R. Hoeschen
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0709
nhoeschen@shawkeller.com

December 17, 2021

**BY CM/ECF AND HAND DELIVERY**

The Honorable Jennifer L. Hall
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

**Redacted - Public Version**
███████████
███████

Re:   *3Shape Trios A/S ("3Shape") v. Align Tech., Inc. ("Align")*, C.A. No. 18-1332-LPS-CJB
(D. Del.)

Dear Judge Hall:

3Shape's motion to compel seeks: (1) an order forcing Align to promote ███████████
additional documents for review for production based on the generic search terms "one-pager" and
"1Pager," and (2) a statement from Align that is has substantially completed production. Neither
issue that 3Shape identifies for the Court was properly presented in the parties "meet and confer"
discussions.[1] But, even if the motion to compel was proper, the Court should reject 3Shape's
request.  First, 3Shape has not shown "good cause" to force Align to search using the generic terms
"one-pager" and "1 Pager."  These generic search terms are unfocused, non-compliant with this
District's ESI Standard and do not satisfy the requirement that discovery requests seek documents
relevant to or proportional to the needs of the case.  The second issue is moot. Align substantially
completed its production on December 10, producing ███████ documents, which production
it supplemented on December 16, and has so advised 3Shape.[2]

**Search Term Issue**

3Shape's request for all documents containing "one-pager" or "1 Pager" violates this
District's ESI Standard.  Under Paragraph 5(b), it is improper to demand that another party search
generic, broad terms untethered to any specific substantive issues and other narrowed terms.
Rather, "good cause" governs the assessment of search terms, and "[f]ocused terms, rather than

---

[1] When the parties met and conferred, 3Shape demanded that Align run an additional twentieth
search string ("String 20") – " ███████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████ Now, however,
3Shape moves to compel Align to run just the term "one pager" or "1 Pager," and to provide
certification regarding the substantial completeness of its document production.

[2] 3Shape presented the court with an incomplete record by including its own correspondence but
not Align's responses. Align appends hereto as Exhibit "1" the complete set of relevant meet and
confer correspondence between the parties (both from Align and 3Shape).  Align has removed two
email attachments from the exhibit due to excessive length, but can provide those attachments on
request.

SHAW KELLER LLP

The Honorable Jennifer L. Hall
Page 2

over-broad terms . . . shall be employed." The over-broad terms "one pager" or "1 pager" do not meet this standard, as they are both merely generic references to a one-page document. The term has no nexus to this case. To illustrate by analogy, what 3Shape asks for here is akin to requiring Align to search for the term "memorandum" merely because that word appeared in a document of interest to 3Shape.[3]

3Shape argues that "one pager" is nonetheless relevant because it appears in a few documents relating to promotions and pricing, *which 3Shape already has*.[4] In ostensible support, 3Shape submits three documents produced in a separate patent case between the parties (Exs. C-E), but only one of those exhibits references a promotional program specifically pleaded in the Amended Complaint (Ex. C), while another exhibit does not mention promotions or pricing whatsoever (Ex. D).[5] Moreover, each of the three exhibits submitted by 3Shape is from a time period that will not ultimately be relevant to resolving the two claims at issue in this case (*i.e.*, prior to January 2018).

In any event, the appearance of a generic term in a few documents does not make that term relevant or proportional to the specific claims and defenses of this case. Align has already told 3Shape that employees of Align use the term "one pager" as a generic shorthand reference to one-page documents. For example, an internal email at Align might reference "one pager" in connection with a specific technical project in the Asia Pacific region, and that would have no relevance to this case. Likewise, it would be inappropriate to produce an email between an Align employee and a third-party publisher with no connection whatsoever to the claims and allegations of the Complaint.

As evidence of 3Shape's irrelevant and disproportionate demand, Align's current review population contains ▮▮▮▮▮▮▮▮▮▮ that have the term "one pager" or "1 pager," because they are tethered to other search strings negotiated and agreed to by 3Shape. Running the term "one pager" or "1 pager" by itself would add ▮▮▮▮▮ documents to an already substantial review population, not ▮▮▮▮ claimed by 3Shape.

Realizing that it lacks good cause, 3Shape argues, essentially, because Align is employing Technology Assisted Review ("TAR"), there is no burden to search for and produce documents associated with the term "one pager." That argument too is wrong. TAR still requires an actual attorney review of a reasonable subset of documents in order to permit the technology to identify responsive documents. And, even, then, attorney review is still needed to identify documents

---

[3] 3Shape's reliance on *Consumer Financial Protection Bureau v. Navient Corp.*, No. 3:17-cv-101, 2018 WL 6729794, at *2 (M.D. Pa. Dec. 21, 2018), is misplaced. In that case, the plaintiff refused to produce documents with the defendant's names.

[4] Notwithstanding this contention, only one exhibit submitted by 3Shape even mentions a promotional program, and even then, it is from a time period that will not ultimately be relevant to resolving the two claims at issue in this case (*i.e.*, prior to January 2018).

[5] Align had requested multiple times that 3Shape provide it with documents to support its position regarding String 20, but this motion is the first time that 3Shape has specifically provided these documents.

SHAW KELLER LLP

The Honorable Jennifer L. Hall
Page 3

mentioning "one-pager" that are, for example, privileged or contain confidential information on matters other than those at issue in this case.

  3Shape has not met its burden to compel Align to search for and review all documents (and family members) that have the term "one pager" or "1 Pager." Hence, the Court should deny 3Shape's motion.[6]

## Document Production

  There is no issue for the Court to address concerning Align's compliance with the December 10 production deadline, which occurred one week after the parties met and conferred. Align produced ███████████████████████████████ transactional data in July.  Align produced ███████████████████████ on November 19, 2021. And on December 10, the deadline to substantially complete its production, Align produced ██████████████████.  On December 16, 2021, in light of a production issue with its e-discovery vendor, Align produced ███████████████████████████████.  The production is thus substantially complete as required.

Respectfully submitted,

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

cc:  Clerk of the Court (by CM/ECF & hand delivery)
   All Counsel of Record (by CM/ECF & email)

---

[6] If the Court is inclined to grant 3Shapes motion, the Court should order 3Shape to pay Align's costs and fees to review and produce documents.

# EXHIBIT 1
# Redacted in its entirety